FRANK PARRO v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY.

Submitted July 3, 1913—Decided November 5, 1913.

The small cause court is without jurisdiction to determine the liability of a corporation upon an agreement executed by one of its injured employes, under an agreement of settlement, based upon the provisions of the Employers' Liability act.

On *certiorari* to small cause court.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the plaintiff, *Hugh C. Baldwin.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff was a laborer in defendant's employment, and while so employed sustained injuries which resulted in the execution of an agreement of release by him to the defendant, whereby the plaintiff in consideration of the payment to him of $40 by the defendant, covering a period of eight weeks, and upon the further consideration "that payments on account of such injury shall continue to be made by said company" as provided by the terms of *Pamph. L.* 1911, *p.* 134.

The defendant made these payments thus provided for until plaintiff became able to resume active work, when he was again taken into defendant's employment, where he remained for some months actively engaged, and until he was discharged.

After his discharge he instituted this suit against defendant in the small cause court of Sussex county, to recover upon the terms of his said agreement of release. That court awarded judgment in his favor for the amount claimed in the state of demand, and we are asked upon this writ to review the legality of that judgment. But one objection, the question of jurisdiction, is urged against it, and that to our minds is fatal to its validity. The release in question is based by its own terms upon the provisions of the Employers' Liability act, known as chapter 95 of the laws of 1911. *Pamph. L., p.* 134. The parties in the settlement of their dispute had the provisions and standard of liability and limitations of compensation prescribed in that act in mind, as the basis of their settlement. Having selected this

standard of compensation, and having thus practically determined upon their forum, their rights under the act must be determined by resorting to its provisions, and in accordance with its clearly declared policy and method of procedure.

The act in question having committed the determination of these questions to the Court of Common Pleas, the court for the trial of small causes is without jurisdiction to determine them, and the judgment before us must for that reason be vacated, with costs.